IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY MAE SHIPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:17-cv-833-MHT-GMB |
| ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the court is the *pro se* complaint of Plaintiff Betty Mae Shipp, as well as a motion for leave to proceed *in forma pauperis*. Docs. 1 & 2.  Having leniently reviewed the complaint, the court concludes that Shipp's initial pleading suffers from a number of flaws, as explained below.

First, the style of Shipp's complaint names the "State of Alabama (Criminal Background Checks) Voting Procedure" as the defendant, but when asked to provide the name and address of each defendant in the body of her complaint, Shipp provides: "Alabama bing [sic] a background St. check (double jeopardy) and cruel and unusual punishment.  Not being allowed to vote/get housing." Doc. 1 at ¶ 3.  With only this information, it is unclear to the court the specific defendant or defendants Shipp is intending to sue.  She also fails to provide an address for the intended defendant or defendants, and provides two different addresses for herself. Doc. 1 at ¶¶ 1 & 3.

When asked to state the facts on which she bases her allegation that her constitutional rights have been violated, Shipp states:

> I was involved in a crime in which I was certified as an adult, and did my time (20 yrs.) and every time I try to vote I am convicted of murder again and refused. I am not on papers.

Doc. 1 at ¶ 5. Based on this information, it is unclear to the court the specific claim or claims Shipp is intending to pursue. Although she has attached an "affidavit" to her complaint, this affidavit does not provide the court with much clarification. Indeed, Shipp's affidavit, which is unsworn, simply states "civil and constitutional rights are violated the enability [sic] to vote; due to double jeapory [sic] and it is believed cruel and unusual punishment; I am also homeless due to this procedure, and being harmed psychically [sic]." Doc. 1-1. Finally, when asked to state the relief she requests, Shipp states only that "I am disabled please grant a substantial hardship." Doc. 1 at ¶ 6. She seeks no other form of relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(1)–(3). As explained above, Shipp's complaint meets none of the requirements of Rule 8, although Shipp is required, even as a *pro se* party, to comply with the Federal Rules of Civil Procedure and the court's Local Rules.[1]

Moreover, Shipp's motion for leave to proceed *in forma pauperis* is incomplete, as she does not fully explain the income she has received in the past 12 months. Although

---

[1] The Federal Rules of Civil Procedure and the court's Local Rules may be found online at www.almd.uscourts.gov.

she writes "SSI $661.00 Montgomery awarded to payee Anthony Taldon," she does not explain whether she is receiving this money and, if so, what she expects to receive in the future. Doc. 2-1. She also does not indicate whether she has received any (1) pension, annuity, or life insurance payments, (2) disability or workers' compensation payments, (3) gifts or inheritances, or (4) or any other type of income during the past 12 months. Doc. 2-1. While Shipp indicated "yes" when asked if she has any debts or financial obligations, she does not describe the amounts owed and to whom they are payable. Doc. 2-1.

Accordingly, for the reasons stated above, it is ORDERED that Plaintiff Betty Mae Shipp's motion for leave to proceed *in forma pauperis* (Doc. 2) is DENIED WITHOUT PREJUDICE. Shipp must pay the civil action filing fee to the Clerk or file a properly completed motion for leave to proceed *in forma pauperis* on or before **February 28, 2018**. It is further ORDERED that Shipp shall file an amended complaint, **on or before February 28, 2018**, that complies with Rule 8 of the Federal Rules of Civil Procedure, including clearly identifying each defendant and each claim asserted against that defendant. **The court advises Shipp that if she fails to comply with this order, the undersigned will recommend dismissal of her action for failure to prosecute and failure to comply with orders of the court.**

DONE this 13th day of February, 2018.

/s/ Gray M. Borden
_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE