IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| BETTY MAE SHIPP, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CASE NO.: 2:17-cv-833-MHT-GMB [WO] |
| STATE OF ALABAMA, | ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 11, 2017, Plaintiff Betty Mae Shipp, proceeding without counsel, filed a complaint claiming that her civil rights had been violated when she was denied certain rights, including the right to vote, after she was convicted of a crime and had completed her sentence. Doc. 1. Shipp's complaint invokes the concepts of "double jeopardy," "cruel and unusual punishment," and "not being allowed to vote/get housing." Doc. 1. On the same day Shipp filed her complaint, she also moved for leave to proceed *in forma pauperis*. Doc. 2.

On February 13, 2018, the court entered a detailed order explaining that Shipp's complaint was flawed in a number of ways. Doc. 7. First, the court explained that it was unclear who Shipp was intending to sue since the style of her complaint names the defendant as "State of Alabama (Criminal Background Checks) Voting Procedure," but when she was asked to provide the name and address of each defendant in the body of her complaint, she confusingly stated: "Alabama bing [sic] a background St. check (double jeopardy) and cruel and unusual punishment. Not being allowed to vote/get housing."

Docs. 1 & 7.  The court further explained that Shipp had failed to provide an address for the intended defendant or defendants and provided two different addresses for herself. Docs. 1 & 7.

Moreover, when Shipp was asked for the facts on which she bases her claim that her constitutional rights had been violated, she stated:

> I was involved in a crime in which I was certified as an adult, and did my time (20 yrs.) and every time I try to vote I am convicted of murder again and refused.  I am not on papers.

Doc. 1 at ¶ 5.  The court explained that it was unclear from these allegations what specific claim or claims she intends to pursue, and the unsworn affidavit she attached to her complaint did not provide any further clarification. Doc. 7.  Finally, when asked to state the relief she was seeking, Shipp stated only that "I am disabled please grant a substantial hardship." Doc. 1 at ¶ 6.  She requested no other form of relief. Docs. 1 & 7.

Based on the allegations in Shipp's complaint, the court explained in its February 13 order that her pleading did not meet the minimum pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Doc. 7.  Thus, the court ordered Shipp to file an amended complaint that complied with the threshold pleading standards, including Rule 8 of the Federal Rules of Civil Procedure. Doc. 7.  Indeed, she was specifically instructed to identify clearly each defendant and each claim asserted against that defendant in an amended complaint no later than February 28, 2018. Doc. 7.

The court also denied Shipp's motion for leave to proceed *in forma pauperis* as incomplete in its February 13 order because she did not fully explain the income she had received in the last 12 months, nor did she adequately describe her debts and financial

obligations. Doc. 7. Thus, the court ordered Shipp either to pay the civil action filing fee to the Clerk or file a properly completed motion for leave to proceed *in forma pauperis* no later than February 28, 2018. Doc. 7. Shipp was specifically warned that her failure to comply with the court's February 13 order would result in a recommendation that her complaint be dismissed for failure to prosecute and for failure to comply with the orders of the court. Doc. 7.

Despite this warning, February 28 came and went with no filings from Shipp. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules of civil procedure or with any order of the court. Fed. R. Civ. P. 41(b); *see Owens v. Pinellas Cnty. Sheriffs Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009). Because Shipp has not paid the requisite filing fee, filed a properly supported *in forma pauperis* application, or filed an amended complaint that complies with Rule 8 by the deadline set out in the court's February 13, 2018 order, it is the RECOMMENDATION of the undersigned that this action be DISMISSED WITHOUT PREJUDICE for failure to comply with the orders of the court. *See, e.g.*, *Taylor v. Nelson*, 356 F. App'x 318 (11th Cir. 2009) (affirming dismissal of complaint for failure to comply with court order); *Crumbsy v. Friese Enters.*, 2015 WL 430042, at *4 (N.D. Ga. Feb. 2, 2015) (dismissing action, in part, because of *pro se* plaintiff's failure to comply with court order); *see also Gresham v. AT&T Corp.*, 2014 WL 12513899, at *1 (N.D. Ga. Dec. 17, 2014) ("Although civil litigants who represent themselves ('*pro se*') benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . *pro se* litigants are not entitled to a general

dispensation from the rules of procedure or court-imposed deadlines.") (internal quotation marks omitted)).

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **March 29, 2018**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this report and recommendation is not a final order of the court, and therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 15th day of March, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE